IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAVON GORDON, | § | |
| | § | No. 297, 2024 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N24M-06-041 |
| PHIL PARKER, DEPUTY | § | |
| WARDEN, H.R.Y.C.I., | § | |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: August 26, 2024
Decided: September 5, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)     On July 29, 2024, the appellant, Davon Gordon, filed a notice of appeal from a Superior Court order—dated and docketed on June 12, 2024—denying Gordon's petition for a writ of habeas corpus.  Under Supreme Court Rules 6 and 11, a timely notice of appeal was due on or before July 15, 2024.  The Senior Court Clerk therefore issued a notice directing Gordon to show cause why this appeal should not be dismissed as untimely filed. In his response to the notice to show cause, Gordon argues the merits of his petition for a writ of habeas corpus but does not address the untimeliness of his appeal.

(2)     Time is a jurisdictional requirement.[1]  A notice of appeal must be received by the Court within the applicable time period to be effective.[2]  An appellant's prisoner *pro se* status does not excuse his failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[3]  Unless an appellant can demonstrate that his failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[4]

(3)     Gordon does not claim, and the record does not reflect, that his failure to file a timely notice of appeal from the Superior Court's order is attributable to court-related personnel.  Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal be DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[2] Del. Supr. Ct. R. 10(a).
[3] *See Smith v. State*, 47 A.3d 481-82 (Del. 2012) (dismissing a prisoner's *pro se* appeal, filed one day late, as untimely).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).